**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Julie A. Rambow
a/k/a Julie A. Barker

   v.                                        Civil No. 24-cv-202-SE-AJ

Andrew Harmon
Harmon Law Offices
GMAC Mortgage Corp.

**REPORT AND RECOMMENDATION**

In this consolidated case, pro se plaintiff Julie A. Rambow filed a complaint (Doc. No. 1)[1] against a mortgage company that, she alleges, illegally foreclosed on her home, the attorney who represented the mortgage company, and his law firm. Ms. Rambow's complaint is before the undersigned magistrate Judge for preliminary review. See LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2). As explained more fully below, the case should be dismissed because it was filed long after the expiration of the statute of limitations.

---

[1] Pursuant to the court's consolidation order (Doc. No. 5), the complaints in the two cases consolidated with this one, 24-cv-203-LM-TSM and 24-cv-204-SM-AJ, were docketed in this case as complaint addenda. (Doc. Nos. 6 and 7). The court has considered those addenda in its preliminary review analysis.

**Standard of Review**

The magistrate judge conducts a preliminary review of pleadings, like Ms. Rambow's, that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**Factual Allegations**

Ms. Rambow alleges that defendant GMAC Mortgage Corp. ("GMAC") violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., when it foreclosed on her home in Alexandria, New Hampshire, in 2008 or 2009. Ms. Rambow further asserts that the foreclosure occurred during the pendency of state-court divorce proceedings and interfered with the sale of the marital home.

2

She alleges that the foreclosure led to financial ruin for her and her children, one of whom is disabled. She seeks damages more than $349,000 from GMAC for the loss of the home and additional compensation for the loss of the opportunity to "flip" other homes.

Ms. Rambow alleges that Attorney Harmon breached a verbal agreement to delay foreclosure until the judge in the marital proceedings ordered the sale of the home and division of proceeds. She seeks more than $1 million in damages from Attorney Harmon and Harmon Law Offices.

## **Discussion**

The declared purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (quoting 15 U.S.C. § 1601(a)). Failure to comply with TILA's requirements subjects creditors to civil liability. 15 U.S.C. § 1640(a) ("[A]ny creditor who fails to comply with any requirement imposed under this part . . . with respect to any person is liable to such person . . . .").

For damages actions such as this one, the statute of limitations to bring a claim under TILA is "one year from the

3

date of the occurrence of the violation." 15 U.S.C. § 1640(e); Lai Chan v. Saxon Mortg. Serv., Inc., No. 09-11265-JGD, 2010 WL 11580042 at *7, (D. Mass. Jan. 11, 2010) (explaining that "TILA contains two statutes of limitations, a one-year statute for damage claims, and a three year statute for rescission actions") (citing 15 U.S.C. §§ 1635(f), 1640(e)).

As Ms. Rambow is seeking only damages in this case, the one-year limitations period applies. But even applying the three-year period, this suit was filed long after the statute of limitations expired. According to the complaint, the foreclosure took place in 2008 or 2009. Thus, the latest the statute of limitations could have expired was in 2012, approximately twelve years before this action was filed.

Where the facts alleged in the complaint show that the claims are time-barred, and there is no possibility that the statute may have been tolled, the court may dismiss the complaint on preliminary review. See Pigott v. Lynn Police Dep't, 7 F.3d 218, 1993 WL 375821, at *5 (1st Cir. Sept. 27, 1993). So it is here. Plaintiff's complaint should be dismissed as untimely.[2]

---

[2] Even if Ms. Rambow mistakenly cited TILA in her complaint, the court is not aware of any applicable statute of limitations that would allow a suit to be filed twelve years after the act triggering the lawsuit.

4

**CONCLUSION**

Based on the foregoing, the district judge should dismiss this case based on the expiration of the statute of limitations. The Clerk of Court should then enter judgment and close the case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "are subject to review in the district court," and any issues "not preserved by such objection are precluded on appeal." Id. (cleaned up).

_____
Andrea K. Johnstone
United States Magistrate Judge

October 8, 2024

cc: Julie A. Rambow, pro se